UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD L. ZIRKLE,<br>    Plaintiff | :<br>: NO.: 1:09-CV-00517-CCC<br>: |
| v. | : (JUDGE CONNER)<br>: (MAGISTRATE JUDGE PRINCE) |
| JOHNSON CONTROLS, INC.,<br>    Defendant | :<br>: |

## **REPORT AND RECOMMENDATION**

Pursuant to an Order entered on August 3, 2010 (Doc. 39), Honorable Christopher Conner referred defendant's pending motion for summary judgment to the undersigned Magistrate Judge.

## I. Background

Plaintiff Ronald L. Zirkle brings several claims against defendant Johnson Controls, Inc., his former employer, alleging religious discrimination, retaliation, and a hostile work environment. The disposition in this case being heavily influenced by procedural matters, the discussion turns next to the procedural history.

### *(A) Procedural history*

Zirkle initiated this action with the filing of his complaint (Doc. 1) on March 19, 2009. Defendant answered and proffered affirmative defenses on June 4, 2009 (Doc. 5). After the parties worked out a case-management plan and set pretrial deadlines during the summer and fall of 2009 (Docs. 10–14), plaintiff's attorney, Sara Austin, moved the court on January 18, 2010 to allow her to withdraw from representation (Doc. 15).

One February 1, 2010, two weeks after Austin moved to withdraw as plaintiff's

attorney, the Court ordered Zirkle to file a response to Austin's motion by February 16 (Doc. 19), and cautioned that the "court may grant the motion as unopposed in the absence of such a response." But February 16 came and went with no word from Zirkle, and on February 17, the Court granted Austin's motion as unopposed (Doc. 21), and directed Zirkle to proceed pro se "unless or until he retains substitute counsel."

In a typewritten letter dated April 8, 2010 (Doc. 25), Zirkle asked the Court to reconsider its order granting Austin's motion to withdraw. The next day, construing Zirkle's letter as a motion for reconsideration, the Court denied Zirkle's request for reconsideration as untimely, also noting that Zirkle had not indicated any "manifest errors of law or fact" or any "newly discovered evidence."

Defendant moved for summary judgment on April 22, 2010 (Doc. 27), and filed its statement of facts and brief in support (Docs. 29, 30) on the same day. Although plaintiff's brief in opposition was due within fourteen days under Local Rule 7.6, the fourteen-day deadline came and went without any word from Zirkle. On May 18, 2010, the Court ordered Zirkle to file a brief in opposition to defendant's motion for summary judgment by May 28, threatening that defendant's motion may otherwise be deemed unopposed (Doc. 32).

Zirkle's response came in the form of a two-sentence letter (Doc. 33) dated May 24 and addressed to Judge Conners, which stated that he was looking for an attorney to take his case and requested a 60-day extension. On May 28, the Court issued an order (Doc. 34) granting Zirkle an extension for filing his brief in opposition until July 1, 2010, and cautioning that "[n]o further extensions shall be granted absent emergency circumstances."

July 1, 2010 came and went without any word from Zirkle.

A docket entry bearing a filing date of July 7, 2010 (Doc. 35) is a two-page typewritten letter from Zirkle to Judge Conners, the second page of which bears the

handwritten date "7/1/10." This letter, which contains no citations to the record, no reference to defendant's statement of facts or motion for summary judgment, and no citations to legal authority, is nonetheless on the docket as a brief in opposition to defendant's motion for summary judgment.

On July 26, 2010, defendants filed a brief in reply (Doc. 38) to Zirkle's letter, which is the final docketed action by either of the parties before the writing of this Report and Recommendation.

*(B) Facts of the case*

The facts as set forth here are taken from defendant's statement of facts (Doc. 30) filed concurrently with its motion for summary judgment. Plaintiff is deemed to have admitted all of the averments in defendant's statement of facts. It would be sufficient to point to plaintiff's failure to meet the court-imposed filing deadline of July 1, 2010, even though this deadline had been pushed back repeatedly from mid-May 2010; a failure to timely submit a brief in opposition to a motion is equivalent to letting the motion stand unopposed. L.R. 7.6. Further, under Local Rule 56.1, "[a]ll material facts set forth . . . by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Although plaintiff does make some feints at creating a factual controversy in his two-page letter dated July 1 (Doc. 35), these unsupported statements are insufficient by themselves to contest defendant's statements of fact. Under Federal Rule of Civil Procedure 56(e)(2), a party opposing a properly supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." The rule continues: "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id*.

3

Zirkle repeatedly violated defendant Johnson Controls' rules, a total of ten times. (Doc. 30, ¶¶ 33–135.) Johnson Controls took disciplinary measures against Zirkle only for violations that were (a) directly observed by management, (b) admitted by Zirkle, or (c) supported by evidence that management obtained after investigation. (*Id.* ¶ 176.) Several of Zirkle's coworkers were disciplined for the same offenses as Zirkle. (*Id.* ¶¶ 162-175.) Zirkle's termination, which followed the issuance of a verbal warning, written warning, final written warning, and two suspensions, was based on continuing violations of Johnson Controls' rules of conduct—rules that Zirkle was familiar with. (*Id.* ¶¶ 143, 31.) The managers who made the decision to terminate Zirkle were unaware of Zirkle's religious beliefs. (*Id.* ¶¶ 152–161.)

**II. Standard of Review**

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Anderson*, 477 U.S. at 248; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am.*, 927 F.2d 1283, 1287–88 (3d Cir. 1991).

4

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. *Moore v. Tartler*, 986 F.2d 682 (3d Cir. 1993); *Clement v. Consol. Rail Corp.*, 963 F.2d 599, 600 (3d Cir. 1992); *White v. Westinghouse Elec. Co.*, 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence that demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories, or the like in order to demonstrate specific material facts that give rise to a genuine issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323; *see Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992).

### III. Discussion

At the outset, plaintiff's failure to timely submit a brief and other materials in opposition to defendant's motion for summary judgment is sufficient for entry of judgment in defendant's favor. *See* L.R. 7.6 (requiring timely submission of materials opposing a motion, and indicating that "[a]ny party who fails to comply with this rule shall be deemed not to oppose such motion"); Fed. R. Civ. P. 56(e)(2) (providing that a

5

party who fails to appropriately respond to a motion for summary judgment should have summary judgment entered against it).

*(A) Religious discrimination*

A claim for employment discrimination on the basis of religion, like other claims of employment discrimination, requires the plaintiff to establish a four-element prima facie case. He must show that (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subject to an adverse employment action despite being qualified; and (4) the adverse employment action was under circumstances raising an inference of discriminatory action. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *id.* (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)).

Plaintiff has proffered no evidence to support any of these four elements; and plaintiff has admitted that the managers who decided to terminate him did not know his religious beliefs, making it impossible for him to establish element (4), regardless of any other evidence he might have presented.

*(B) Retaliatory discharge*

Making out a claim of retaliatory discharge require the plaintiff to show that (1) he engaged in a protected activity; (2) the employer took an adverse employment action against him; (3) there was a causal connection between his participation in the protected activity and the adverse employment action. *Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995) (citing *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 201 (3d Cir. 1994)). Although it is undisputed that Johnson Controls terminated plaintiff, plaintiff has failed to proffer evidence of any protected activity that could support a retaliation claim. In his

6

complaint, plaintiff refers to having a relationship with a woman, Mauss, who was in the process of bringing a worker's compensation claim against Johnson Controls; however, not only is dating a woman not the kind of protected activity that supports a claim of retaliation, but plaintiff also admitted that his relationship with Mauss had ended four years before he was even hired by Johnson Controls (Doc. 30, ¶ 222). Johnson Controls knew at the time that plaintiff was hired that he had been referred by Mauss (*id.* ¶ 216), and the two-year gap between hiring and termination is too great to support any claim that plaintiff's termination was causally connected to the worker's compensation claim that Mauss was bringing against Johnson Controls.

*(C) Hostile work environment*

A hostile work environment has been well established as a basis for a discrimination claim under Title VII. In order to establish a hostile-work-environment claim, the plaintiff must show that "(1) he suffered intentional discrimination because of his [membership in a protected class]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Not only has plaintiff failed to proffer any evidence that would support any of the five required elements, but plaintiff had admitted that other employees of Johnson Controls were disciplined for the same kinds of misconduct that plaintiff was disciplined for, making it impossible to reasonably infer that the disciplinary actions that plaintiff suffered were intentionally discriminatory because of his religion.

**IV. Conclusion**

It is recommended, therefore, that defendant's motion for summary judgment be GRANTED.

s/ William T. Prince<br>
William T. Prince<br>
United States Magistrate Judge

August 11, 2010